Original

CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NOE MORENO, on behalf of himself and others similarly situated,

        Plaintiff,

-against-

FASCATI PIZZERIA CORPORATION and SALVATOR FAZZOLARI,

        Defendants.
-------------------------------------------------------------X

Case No. 10 4190

**COMPLAINT**

**Jury Trial Demanded**

AMON, J.
GOLD, M.

Plaintiff, Noe Moreno ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants, Fascati Pizzeria Corporation (hereinafter, "Fascati Pizza") and Salvator Fazzolari (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

1.     Plaintiff, Noe Moreno, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3)

liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff, Noe Moreno, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day he worked ten (10) or more hours; (4) liquidated damages equal to twenty-five (25) percent of the sum of his unpaid minimum wages, his unpaid "spread of hours" premium, and his unpaid overtime; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, Fascati Pizza, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 80 Henry Street, Brooklyn, New York 11201.

7. Upon information and belief, Defendant, Salvator Fazzolari, is the owner, officer, director and/or managing agent of Fascati Pizza, whose address is unknown at

this time and who participated in the day-to-day operations of Fascati Pizza and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Fascati Pizza.

8. Plaintiff, Noe Moreno, was employed by Defendants in Kings County, New York, to work as a cleaner, food preparation helper, and delivery person for Defendants' restaurant known as "Fascati Pizza" from October 2009 until on or about June 4, 2010.

9. At all relevant times, Fascati Pizza was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, Noe Moreno, was directly essential to the business operated by Fascati Pizza.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Noe Moreno his lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Noe Moreno his lawfully earned overtime wages in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Noe Moreno his lawfully earned "spread of hours" premium in contravention of the New York Labor Law.

14. Plaintiff, Noe Moreno, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

15. In October 2009, Plaintiff, Noe Moreno, was hired by Defendants to work as a cleaner, food preparation assistant, and delivery person at Defendants' restaurant known as "Fascati Pizza" located at 80 Henry Street, Brooklyn, New York.

16. Plaintiff, Noe Moreno, worked for the Defendants until on or about June 2010.

17. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked 6 days a week, and his work shift consisted of twelve (12) hours per day.

18. Plaintiff was not paid minimum wages or overtime wages. Plaintiff was paid an average hourly regular rate of $2.36 per hour, in cash, and worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

19. Plaintiff was never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

20. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

21. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime

rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

22. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

23. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

24. Defendant, Salvatore Fazzolari, is an individual who, upon information and belief, owns the stock of Fascati Pizza, owns Fascati Pizza, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

25. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "24" of this Complaint as if fully set forth herein.

26. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

28. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

29. Plaintiff, Noe Moreno, worked hours for which he was not paid the statutory minimum wage.

30. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for his hours worked.

31. Defendants failed to pay Plaintiff minimum wages in the lawful amount for his hours worked.

32. Plaintiff, Noe Moreno, was entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

33. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

34. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

35. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

36. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

37. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

38. Defendants failed to properly disclose or apprise Plaintiff, Noe Moreno, of his rights under the FLSA.

39. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

40. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

41. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

42. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "41" of this Complaint as if fully set forth herein.

43. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

44. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

45. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

46. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each day he worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

47. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, Noe Moreno, on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

(a)   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b)   An injunction against Fascati Pizzeria Corp. d/b/a Fascati Pizza, and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c)   An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(d)   An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(e)   An award of unpaid "spread of hours" premium due under the New York Labor Law;

(f)   An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g)   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(h)   An award equitably tolling the statute of limitations period;

(i)   An award of prejudgment and post-judgment interest;

(j)   An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(k)   Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       September 15, 2010

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile   (212) 209-7102
pcooper@jcpclaw.com

By: _____
      Peter H. Cooper  (PHC 4714)